IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UCB INC., UCB BIOPHARMA SRL, HANANJA )
EHF and UNIVERSITY OF ICELAND    )
                                 )
            Plaintiffs,           )
                                 )
      v.                          )    C.A. No. _____
                                 )
RUBICON RESEARCH LIMITED          )
                                 )
            Defendant.            )

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs UCB, Inc. and UCB Biopharma SRL (together, "UCB"), Hananja EHF ("Hananja"), and University of Iceland (the "University") (collectively, "Plaintiffs"), by and through their undersigned attorneys, bring this action against Defendant Rubicon Research Limited ("Rubicon" or "Defendant") and hereby allege as follows:

**NATURE OF THE ACTION**

1.      This action for patent infringement, brought pursuant to the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, arises from Rubicon's recent submission to the United States Food and Drug Administration ("FDA") of Abbreviated New Drug Application ("ANDA") No. 221285 (hereinafter "Rubicon's ANDA"). Through Rubicon's ANDA, Rubicon seeks approval to market Midazolam nasal spray (5mg) (the "ANDA Product"), a generic version of UCB's pharmaceutical product, NAYZILAM®, prior to the expiration of patents listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* (an FDA publication commonly known as the "Orange Book") for NAYZILAM®, namely U.S. Patent No. 8,217,033 ("the '033 Patent"); U.S. Patent No. 8,809,322 ("the '322 Patent"); U.S. Patent No. 9,289,432 ("the '432 Patent"); and U.S. Patent No. 9,687,495 ("the '495 Patent").

**THE PARTIES**

2.      Plaintiff UCB Inc. is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 1950 Lake Park Drive, Building 2100, Smyrna, GA 30080. UCB, Inc. holds New Drug Application ("NDA") No. 211321 for NAYZILAM®.

3.      Plaintiff UCB Biopharma SRL is a corporation organized and existing under the laws of Belgium, with a place of business at Allee de la Recherche 60 B-1070, Brussels, BE. UCB Biopharma SRL is the exclusive license of the '033, '322, '432, and '495 Patents for NAYZILAM®.

4.      Plaintiff Hananja EHF is a corporation organized and existing under the laws of Iceland, with a place of business at Aflagrandi 7, 107 Reykjavik, Iceland. Hananja is an assignee and co-owner of the '033, '322, '432, and '495 Patents.

5.      Plaintiff University of Iceland is an entity organized and existing under the laws of Iceland, with a principal place of business at Sæmundargata 2, 102 Reykjavik, Iceland. University of Iceland is an assignee and co-owner of the '033, '322, '432, and '495 Patents.

6.      On information and belief, Defendant Rubicon Research Limited is a corporation organized and existing under the laws of India, with a principal place of business at MedOne House, Plot No. B75, Road No. 33, Wagle Estate, Thane West, Pin, Maharashtra 400604.

**JURISDICTION AND VENUE**

7.      This is a civil action for patent infringement under the patent laws of the United States, including 35 U.S.C. § 271, alleging infringement of the '033, '322, '432, and '495 Patents.

8.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

9.     This Court has personal jurisdiction over Rubicon because, on information and belief, it, *inter alia*, has continuous and systematic contacts with the State of Delaware, regularly conducts business in the State of Delaware, either directly or through one or more wholly-owned subsidiaries, agents, and/or alter egos, has purposefully availed itself of the privilege of doing business in the State of Delaware, and intends to sell the ANDA Product in the State of Delaware upon approval of Rubicon's ANDA.

10.     On information and belief, Rubicon is in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products, either directly or through subsidiaries, agents, and/or alter-egos, which Rubicon manufactures, distributes, markets, and/or sells throughout the United States, including in this judicial district.

11.     On information and belief, Rubicon is licensed to sell generic and proprietary pharmaceutical products in the State of Delaware, either directly or through one or more subsidiaries or agents.

12.     Rubicon has committed, or aided, abetted, contributed to, and/or participated in the commission of, acts of patent infringement that will lead to foreseeable harm and injury to Plaintiffs, which manufacture NAYZILAM® for sale and use throughout the United States, including in this judicial district. On information and belief and as indicated by a letter dated March 2, 2026, sent by Rubicon to UCB, Inc., Hananja, and the University pursuant to 21 U.S.C. § 355(j)(2)(B) (hereinafter, the "Notice Letter"), Rubicon's ANDA was prepared and submitted with the intention of seeking to market the ANDA Product nationwide, including within this judicial district.

13.     On information and belief, Rubicon plans to sell the ANDA Product in the State of Delaware, list the ANDA Product on the State of Delaware's prescription drug formulary, and

seek Medicaid reimbursements for sales of the ANDA Product in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

14.    On information and belief, Rubicon knows and intends that the proposed ANDA Product will be distributed and sold in Delaware and will thereby displace sales of NAYZILAM®, causing injury to Plaintiffs. On information and belief, Rubicon intends to take advantage of its established channels of distribution in Delaware for the sale of the proposed ANDA Product.

15.    Rubicon regularly engages in patent litigation concerning FDA-approved drug products in this judicial district. Rubicon, operating under its previous name Rubicon Research Private Limited, has not contested personal jurisdiction in this judicial district in such litigation, and has purposefully availed itself of the rights and benefits of this Court by asserting counterclaims in this Court. *See, e.g.*, *Pierre Fabre Medicament SAS v. Rubicon Rsch. Pvt. Ltd.*, C.A. No. 24-811 (JLH), D.I. 14 (D. Del. Sept. 4, 2024); *Pfizer Inc. v. Rubicon Rsch. Pvt. Ltd.*, C.A. No. 24-626-CFC, D.I. 14 (D. Del. July 29, 2024).

16.    Alternatively, this Court has personal jurisdiction over Rubicon under Federal Rule of Civil Procedure 4(k)(2)(A) as (a) Plaintiffs' claims arise under federal law; (b) Rubicon is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Rubicon has sufficient contacts in the United States as a whole, including, but not limited to, participating in the preparation and submission of Rubicon's ANDA to FDA, and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States including in this judicial district, such that this Court's exercise of jurisdiction over Rubicon satisfies due process.

17.    Venue is proper in this district for Rubicon pursuant to 28 U.S.C. § 1391 because, *inter alia*, Rubicon is a corporation organized and existing under the laws of India and is subject to personal jurisdiction in this judicial district.

## NAYZILAM®

18.    UCB, Inc. is the holder of New Drug Application ("NDA") No. 211321 for NAYZILAM® nasal spray (5 mg). The active ingredient in NAYZILAM® is midazolam. FDA approved NDA No. 211321 on May 17, 2019.

19.    NAYZILAM® is a nasal spray indicated for the acute treatment of intermittent, stereotypic episodes of frequent seizure activity (i.e. seizure clusters, acute repetitive seizures) that are distinct from a patient's usual seizure pattern in patients with epilepsy 12 years of age and older.

20.    FDA granted NAYZILAM® orphan drug status. NAYZILAM®'s orphan drug exclusivity continues until May 17, 2026.

21.    The '033, '322, '432, and '495 Patents are listed in the "Orange Book" for NAYZILAM®.

## THE ASSERTED PATENTS

22.    The '033 Patent, entitled "Methods and Compositions for the Delivery of a Therapeutic Agent," was duly and lawfully issued by the USPTO on July 10, 2012. A true and correct copy of the '033 Patent is attached hereto as Exhibit A.

23.    The '322 Patent, entitled "Methods and Compositions for the Delivery of a Therapeutic Agent," was duly and lawfully issued by the USPTO on August 19, 2014. A true and correct copy of the '322 Patent is attached hereto as Exhibit B.

24.    The '432 Patent, entitled "Methods and Compositions for the Delivery of a Therapeutic Agent," was duly and lawfully issued by the USPTO on March 22, 2016. A true and correct copy of the '432 Patent is attached hereto as Exhibit C.

25.    The '495 Patent, entitled "Methods and Systems for the Delivery of a Therapeutic Agent," was duly and lawfully issued by the USPTO on June 27, 2017. A true and correct copy of the '495 Patent is attached hereto as Exhibit D.

26.    UCB Biopharma SRL, Hananja, and the University own all rights to the '033, '322, '432 and '495 Patents, including the right to sue for infringement thereof.

**RUBICON'S ANDA NO. 221285**

27.    On information and belief, Rubicon has submitted Rubicon's ANDA to FDA, or caused Rubicon's ANDA to be submitted to FDA, under 21 U.S.C. § 355(j), in order to obtain approval to engage in the commercial manufacture, use, offer to sell or sale of midazolam nasal spray as a generic version of NAYZILAM® nasal spray prior to the expiration of the '033, '322, '432, and '495 Patents.

28.    On information and belief, Rubicon sent UCB, Inc., Hananja, and the University the Notice Letter dated March 2, 2026. The Notice Letter represented that Rubicon had submitted to FDA Rubicon's ANDA and a Paragraph IV certification for the '033, '322, '432, and '495 Patents.

29.    On information and belief, the purpose of the submission of Rubicon's ANDA and Paragraph IV certification was to obtain approval under section 505(j) of the Food, Drug and Cosmetic Act to engage in the commercial manufacture, use, offer for sale and sale of the ANDA Product before expiration of the 033, '322, '432, and '495 Patents.

30.    On information and belief, if approved, the ANDA Product will have the same indication as NAYZILAM®. On further information and belief, the indication set forth in the proposed labeling submitted in Rubicon's ANDA for the ANDA Product is the acute treatment of intermittent, stereotypic episodes of frequent seizure activity (i.e. seizure clusters, acute repetitive seizures) that are distinct from a patient's usual seizure pattern in patients with epilepsy 12 years of age and older.

31.    In the Notice Letter, Rubicon purported to offer confidential access to portions of Rubicon's ANDA on terms and conditions set forth in the Notice Letter ("the Rubicon Offer"). Rubicon requested that UCB, Inc., Hananja, and the University accept the Rubicon Offer before receiving access to Rubicon's ANDA. The Rubicon Offer contained unreasonable restrictions on who could view the ANDA, well beyond those that would apply under a protective order. For example, the Rubicon Offer purported to allow access only to "relevant portions" from the ANDA. The Rubicon Offer permitted access only to attorneys from a single law firm. The Rubicon Offer did not permit any of UCB, Inc.'s, Hananja's, or the University's in-house attorneys to access Rubicon's ANDA. Additionally, the Rubicon Offer contained provisions that unreasonably restricted the ability of counsel receiving access to Rubicon's ANDA to engage in any patent prosecution or work before or involving the FDA. The restrictions the Rubicon Offer placed on access to Rubicon's ANDA contravene 21 U.S.C. § 355(j)(5)(C)(i)(III), which states that an offer of confidential access "shall contain such restrictions as to persons entitled to access, and on the use and disposition of any information accessed, as would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information." Outside counsel for Plaintiffs proposed edits to the Rubicon Offer on March 23, 2026. As of the filing of this complaint, Plaintiffs have not received Rubicon's response to Plaintiffs' proposed

edits to the Rubicon Offer, and the parties were unable to reach agreement as to reasonable terms governing confidential access to the Rubicon ANDA.

32. According to applicable regulations, Notice Letters such as Rubicon's must contain a detailed statement of the factual and legal basis for the applicant's opinion that the patent is invalid, unenforceable, or not infringed that includes a claim-by-claim analysis, describing "for each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "for each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegation." *See* 21 CFR § 314.95(c)(7); *see also* 21 CFR § 314.52.

33. For at least one claim of each of the '033, '322, '432, and '495 Patents, Rubicon's Notice Letter does not contest that its ANDA Product or the proposed administration of that Product would infringe that claim, as set forth below.

34. On information and belief, if FDA approves Rubicon's ANDA, Rubicon will manufacture, use, offer for sale, or sell the ANDA Product, within the United States, including within the State of Delaware, or will import the ANDA Product into the United States, including the State of Delaware.

35. On information and belief, if FDA approves Rubicon's ANDA, Rubicon will actively induce or contribute to the manufacture, use, offer for sale, or sale of the ANDA Product in a manner that infringes the '033, '322, '432, and '495 Patents.

36. This action is being brought within forty-five days of Plaintiffs' receipt of the Notice Letter, pursuant to 21 U.S.C. § 355(c)(3)(C).

8

## COUNT I
## INFRINGEMENT OF THE '033 PATENT

37.     Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–36 as if fully set forth herein.

38.     On information and belief, Rubicon submitted or caused the submission of ANDA No. 221285 to FDA, and thereby seeks FDA approval of Rubicon's ANDA.

39.     The ANDA Product infringes claims of the '033 Patent.

40.     Rubicon did not contest infringement of any claim of the '033 Patent in the Notice Letter.

41.     Rubicon has infringed claims of the '033 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Rubicon's ANDA with a Paragraph IV certification and thereby seeking FDA approval of a generic version of NAYZILAM® prior to the expiration of the '033 Patent.

42.     Upon information and belief, Rubicon's commercial manufacture, use, offer for sale or sale within the United States, or importation into the United States of the Rubicon ANDA Product would directly infringe, and would actively induce and contribute to infringement of, the '033 Patent. *See* 35 U.S.C. § 271(a), (b) and (c).

43.     On information and belief, upon FDA approval of Rubicon's ANDA, Rubicon will market and distribute the Rubicon ANDA Product to resellers, pharmacies, health care professionals, and end users of the ANDA Product. Accompanying the ANDA Product, Rubicon will also knowingly and intentionally include a product label and insert containing instructions for administering the ANDA Product. Accordingly, Rubicon will induce physicians and other health care professionals, resellers, pharmacies, and end users of the ANDA Product to directly infringe the claims of the '033 Patent. In addition, on information and belief, Rubicon will encourage acts

9

of direct infringement with knowledge of the '033 Patent and knowledge that it is encouraging infringement.

44.   Rubicon had actual knowledge of the '033 Patent prior to submission of Rubicon's ANDA, and was aware that the submission of Rubicon's ANDA with the request for FDA approval prior to the expiration of the '033 Patent would constitute an act of infringement of the '033 Patent.

45.   Rubicon submitted Rubicon's ANDA without adequate justification for asserting the '033 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the ANDA Product. Rubicon's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '033 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

46.   Plaintiffs will be irreparably harmed if Rubicon is not enjoined from infringing, and from actively inducing or contributing to the infringement of, the '033 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Rubicon, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT II**
**INFRINGEMENT OF THE '322 PATENT**

47.   Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–46 as if fully set forth herein.

48.   On information and belief, Rubicon submitted or caused the submission of ANDA No. 221285 to FDA, and thereby seeks FDA approval of Rubicon's ANDA.

49.   The ANDA Product infringes claims of the '322 Patent.

50.    Rubicon did not contest infringement of any claim of the '322 Patent in the Notice Letter.

51.    Rubicon has infringed claims of the '322 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Rubicon's ANDA with a Paragraph IV certification and thereby seeking FDA approval of a generic version of NAYZILAM® prior to the expiration of the '322 Patent.

52.    Upon information and belief, Rubicon's commercial manufacture, use, offer for sale or sale within the United States, or importation into the United States of the Rubicon ANDA Product would directly infringe, and would actively induce and contribute to infringement of, the '322 Patent. *See* 35 U.S.C. § 271(a), (b) and (c).

53.    On information and belief, upon FDA approval of the Rubicon ANDA, Rubicon will market and distribute the Rubicon ANDA Product to resellers, pharmacies, health care professionals, and end users of the ANDA Product. Accompanying the ANDA Product, Rubicon will also knowingly and intentionally include a product label and insert containing instructions for administering the ANDA Product. Accordingly, Rubicon will induce physicians and other health care professionals, resellers, pharmacies, and end users of the ANDA Product to directly infringe one or more claims of the '322 Patent. In addition, on information and belief, Rubicon will encourage acts of direct infringement with knowledge of the '322 Patent and knowledge that it is encouraging infringement.

54.    Rubicon had actual knowledge of the '322 Patent prior to submitting Rubicon's ANDA, and was aware that the submission of Rubicon's ANDA with the request for FDA approval prior to the expiration of the '322 Patent would constitute an act of infringement of the '322 Patent.

55.    Rubicon submitted Rubicon's ANDA without adequate justification for asserting the '322 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture,

11

use, offer for sale, or sale of the ANDA Product. Rubicon's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '322 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

56. Plaintiffs will be irreparably harmed if Rubicon is not enjoined from infringing, and from actively inducing or contributing to the infringement of, the '322 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Rubicon, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT III**
**<u>INFRINGEMENT OF THE '432 PATENT</u>**

57. Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–56 as if fully set forth herein.

58. On information and belief, Rubicon submitted or caused the submission of ANDA No. 221285 to FDA, and thereby seeks FDA approval of Rubicon's ANDA.

59. The ANDA Product infringes claims of the '432 Patent.

60. Rubicon did not contest infringement of any claims of the '432 Patent in the Notice Letter.

61. Rubicon has infringed claims of the '432 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Rubicon's ANDA with a Paragraph IV certification and thereby seeking FDA approval of a generic version of NAYZILAM® prior to the expiration of the '432 Patent.

62. Upon information and belief, Rubicon's commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States of the Rubicon ANDA

12

Product would directly infringe, and would actively induce and contribute to infringement of, the '432 Patent. *See* 35 U.S.C. § 271(a), (b) and (c).

63.    On information and belief, upon FDA approval of the Rubicon ANDA, Rubicon will market and distribute the Rubicon ANDA Product to resellers, pharmacies, health care professionals, and end users of the ANDA Product. Accompanying the ANDA Product, Rubicon will also knowingly and intentionally include a product label and insert containing instructions for administering the ANDA Product. Accordingly, Rubicon will induce physicians and other health care professionals, resellers, pharmacies, and end users of the ANDA Product to directly infringe claims of the '432 Patent. In addition, on information and belief, Rubicon will encourage acts of direct infringement with knowledge of the '432 Patent and knowledge that it is encouraging infringement.

64.    Rubicon had actual knowledge of the '432 Patent prior to submitting Rubicon's ANDA, and was aware that the submission of Rubicon's ANDA with the request for FDA approval prior to the expiration of the '432 Patent would constitute an act of infringement of the '432 Patent.

65.    Rubicon submitted Rubicon's ANDA without adequate justification for asserting the '432 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the ANDA Product. Rubicon's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '432 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

66.    Plaintiffs will be irreparably harmed if Rubicon is not enjoined from infringing, and from actively inducing or contributing to the infringement of, the '432 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and

13

Rubicon, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT IV
## INFRINGEMENT OF THE '495 PATENT

67.    Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–66 as if fully set forth herein.

68.    On information and belief, Rubicon submitted or caused the submission of ANDA No. 221285 to FDA, and thereby seeks FDA approval of Rubicon's ANDA.

69.    The ANDA Product infringes claims of the '495 Patent.

70.    Rubicon did not contest infringement of any claims of the '495 Patent in the Notice Letter.

71.    Rubicon has infringed claims of the '495 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Rubicon's ANDA with a Paragraph IV certification and thereby seeking FDA approval of a generic version of NAYZILAM® prior to the expiration of the '495 Patent.

72.    Upon information and belief, Rubicon's commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States of the Rubicon ANDA Product would directly infringe, and would actively induce and contribute to infringement of, the '495 Patent. *See* 35 U.S.C. § 271(a), (b) and(c).

73.    On information and belief, upon FDA approval of the Rubicon ANDA, Rubicon will market and distribute the Rubicon ANDA Product to resellers, pharmacies, health care professionals, and end users of the ANDA Product. Accompanying the ANDA Product, Rubicon will also knowingly and intentionally include a product label and insert containing instructions for administering the ANDA Product. Accordingly, Rubicon will induce physicians and other health care professionals, resellers, pharmacies, and end users of the ANDA Product to directly infringe

14

one or more claims of the '495 Patent. In addition, on information and belief, Rubicon will encourage acts of direct infringement with knowledge of the '495 Patent and knowledge that it is encouraging infringement.

74.    Rubicon had actual knowledge of the '495 Patent prior to submission of Rubicon's ANDA, and was aware that the submission of Rubicon's ANDA with the request for FDA approval prior to the expiration of the '495 Patent would constitute an act of infringement of the '495 Patent.

75.    Rubicon submitted Rubicon's ANDA without adequate justification for asserting the '495 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the ANDA Product. Rubicon's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '495 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

76.    Plaintiffs will be irreparably harmed if Rubicon is not enjoined from infringing, and from actively inducing or contributing to the infringement of, the '495 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Rubicon, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## <u>REQUEST FOR RELIEF</u>

WHEREFORE, Plaintiffs respectfully request the following relief:

(A)    A judgment that Rubicon has infringed the '033, '322, '432, and '495 Patents under 35 U.S.C. § 271(e)(2)(A);

(B)    An order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of Rubicon's ANDA shall be no earlier than the last expiration date of any of the '033, '322,

15

'432, or '495 Patents, or any later expiration of exclusivity for any of the '033, '322, '432, or '495 Patents, including any extensions or regulatory exclusivities;

(C)     Entry of a permanent injunction enjoining Rubicon, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with Rubicon, or on its behalf from commercially manufacturing, using, offering for sale, or selling the ANDA Product within the United States, or importing the ANDA Product into the United States, until the expiration of the '033, '322, '432, or '495 Patents, including any additional exclusivity period applicable to those patents, and from otherwise infringing the claims of the '033, '322, '432, or '495 Patents;

(D)     A judgment declaring that making, using, offering to sell, selling, or importing the ANDA Product, or inducing or contributing to such conduct, would constitute infringement of the '033, '322, '432, or '495 Patents pursuant to 35 U.S.C. § 271 (a), (b), and (c);

(E)     A declaration that if Rubicon, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with Rubicon or on its behalf, engages in the commercial manufacture, use, offer for sale, sale or importation of the ANDA Product, it will constitute an act of infringement pursuant to 35 U.S.C. § 271 (a), (b), and (c);

(F)     An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Rubicon engages in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product, or any product that infringes the '033, '322, '432, or '495 Patents, or induces or contributes to such conduct, prior to the expiration of the patents including any additional exclusivity period applicable to those patents;

(G)     A finding that this is an exceptional case, and an award of attorneys' fees in this action pursuant to 35 U.S.C. § 285;

(H)     An award of costs and expenses in this action; and

(I)     Such other and further relief as the Court deems just and proper.

16

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Megan E. Dellinger*

_____
Jeremy A. Tigan (#5239)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jtigan@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Alexa Hansen
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
(415) 591-6000

Kaveh Saba
John Veiszlemlein
Florina Lam
Mishael Hibshoosh
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000

April 14, 2026